707 S.E.2d 419

**In the Matter of Nancy Holland·MAYER, Respondent.**

No. 26943.

Supreme Court of South Carolina.

Submitted Feb. 22, 2011.

Decided March 21, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David D. Armstrong, of Greenville, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a definite suspension of nine months and the imposition of other requirements. Respondent also requests that the suspension be made retroactive to the date of her interim suspension.[1] ODC does not oppose that request. However, the Agreement is not conditioned upon the suspension being retroactive to the date of interim suspension. We accept the Agreement, suspend respondent from the practice of law in this state for nine months, not retroactive, and impose other requirements. The facts, as set forth in the Agreement, are as follows.

---

1. Respondent was placed on interim suspension on April 30, 2009. *In re Mayer*, 382 S.C. 276, 676 S.E.2d 690 (2009).

## FACTS

### Matter I

Respondent, along with Clyde Pennington, agreed to represent a client on a number of bad check charges. Mr. Pennington was subsequently suspended from the practice of law. The attorney appointed to protect the interests of Mr. Pennington's clients was informed respondent had received $693 on the client's behalf and placed it in Mr. Pennington's trust account; however, at the time of Mr. Pennington's suspension, those funds were no longer in the trust account and were unaccounted for. Moreover, the client executed a power of attorney allowing respondent to obtain the client's social security payments for the purposes of paying attorney's fees and paying off the bad checks. The client alleges respondent negotiated several of the client's social security checks. Respondent admits she negotiated at least one of the client's checks, but cannot remember whether she handled any other funds for the client. However, respondent and Mr. Pennington have no record of the receipt and disbursement of funds on behalf of the client, and they made no payments on the bad checks on behalf of the client nor did they represent the client at trial.

### Matter II

On June 3, 2008, respondent deposited $2,050 in settlement funds into her trust account on behalf of a client. Respondent issued a check to herself in the amount of $734.54 for fees and costs, and issued a check to the client for $432.06, leaving a balance of $883.40 in the account. Between September 2008 and March 2009, respondent issued three checks payable to herself, totaling $6,350, and two checks payable to her husband, totaling $12,000. Neither respondent nor her husband was entitled to the funds. The misappropriation of these funds left a balance of $42.60 in respondent's trust account, which was not sufficient to cover the amount that should have been in trust for the client on whose behalf the settlement funds were received.

### Matter III

On August 15, 2008, respondent deposited $23,000 in settlement funds into her trust account on behalf of a client. Over

the next couple of weeks, respondent issued two checks payable to herself, totaling $5,500, for fees. She also issued three checks to the client totaling $4,500. Respondent retained the balance of the funds for the purpose of negotiating and paying medical liens, which she failed to do. When the client learned his bills had not been paid, he attempted to contact respondent; however, she did not respond. When respondent misappropriated the funds in Matter II, the balance of $42.60 remaining in her trust account was not sufficient to cover the amount that should have been in trust for the client in Matter III.

### Failure to Cooperate

Respondent did not respond to the notice of full investigation issued in Matter I. Although she self-reported Matters II and III, she failed to respond to the notice of full investigation issued in those matters. While respondent did appear for a Rule 19, RLDE, interview in May 2009, she failed to comply with a subpoena for her client files and her financial records. When the interview was reconvened in December 2010, following a determination that respondent was capable of participating in the defense of the pending grievances, respondent failed to appear.

### LAW

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued; a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); Rule 1.5 (placing limitations on when a fee may be divided between lawyers); Rule 1.15(a) (a lawyer shall hold property

of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property; funds shall be kept in a separate account; complete records of such account funds and other property shall be kept by the lawyer and the lawyer shall comply with the financial recordkeeping requirements of Rule 417, SCACR); Rule 1.15(d) (upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, except as stated in Rule 1.15 or otherwise permitted by law or by agreement with the client, promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, promptly render a full accounting regarding such property); Rule 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent also admits she failed to comply with the recordkeeping requirements of Rule 417, SCACR. She concedes these violations constitute grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (It shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers.).

### *Mitigation*

In 2008, respondent was diagnosed with chemical dependency, post-traumatic stress disorder, depression, and adult residual attention deficit disorder, resulting in problems with concentration, alertness, memory loss, and impaired judgment. Respondent commenced treatment for her conditions in November 2008 and continues in treatment.

### *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for

nine months from the date of this opinion. We deny respondent's request that the suspension be made retroactive to the date of her interim suspension. In addition, within thirty days of the date of this opinion, respondent shall (1) enter into a payment plan with the Commission on Lawyer Conduct for reimbursement of the costs incurred in the investigation of these matters; and (2) enter into a restitution agreement with the Commission on Lawyer Conduct pursuant to which she will pay $693 to Lena Harris, $883.40 to Bryson Teal, and $13,000 to Jerry Springfield.[2] Finally, prior to applying for reinstatement, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust Accounting School. As another condition of reinstatement, respondent shall enter into a monitoring contract with the South Carolina Bar's Lawyers Helping Lawyers Program which includes, at a minimum, the requirements that respondent abstain from the use of alcohol or illegal drugs and continue with psychiatric and/or psychological counseling for a period of two years. Following reinstatement, respondent shall report her treatment and compliance status to the Commission on Lawyer Conduct no less than quarterly for two years.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

---

**2.** If the Lawyers' Fund for Client Protection has paid any money to any of these clients, respondent shall repay the Fund the total amount paid on her behalf.